UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD A. POLK,

    Petitioner,                                   Case No. 11-cv-12927

v.                                                  HONORABLE PATRICK J. DUGGAN

SHIRLEE HARRY,

    Respondent.
_____/

## OPINION AND ORDER GRANTING (1) PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND (2) RESPONDENT'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE; AND ADMINISTRATIVELY CLOSING CASE

This is a habeas corpus action under 28 U.S.C. § 2254, brought by Ronald A. Polk, a Michigan prisoner presently confined in the Pugsley Correctional Facility in Kingsley, Michigan. Petitioner is challenging his June 24, 2008 convictions by an Isabella County Circuit Court jury for larceny by false pretenses of property valued between $1,000 and $20,000 in violation of Michigan Compiled Laws § 750.259, and conducting a criminal enterprise in violation of Michigan Compiled Laws § 750.1591. On July 17, 2008, the trial court sentenced Petitioner as a second habitual offender to terms of imprisonment of two to five years for the false pretenses conviction concurrent to 51 to 240 months for the conducting a criminal enterprise conviction. This matter presently is before the Court on Petitioner's motion to hold his habeas petition in abeyance.

Following his convictions, Petitioner filed a direct appeal with the Michigan Court of Appeals. This direct appeal claimed ineffective assistance of counsel, improper sentencing guidelines application and departures, insufficiency of the evidence, and a due

process violation due to the prosecutor's failure to adhere to a plea bargain. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Polk*, No. 286772, 2010 WL 716099 (Mich. Ct. App. Mar. 2, 2010). Petitioner sought leave to appeal in the Michigan Supreme Court, which the Court denied. *People v. Polk*, 487 Mich. 857, 784 N.W.2d 811 (July 26, 2010).

Petitioner signed his federal habeas petition on June 29, 2011. The petition asserts a single claim of ineffective assistance of counsel. On November 23, 2011, Petitioner filed a motion to hold his habeas petition in abeyance. In his motion, Petitioner states that he filed a motion for relief from judgment pursuant to Michigan Court Rules 6.500 *et seq.* in the state trial court, seeking to exhaust state remedies regarding additional claims of actual innocence, ineffective assistance of trial and appellate counsel, and prosecutorial misconduct.

Before filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254, a prisoner must exhaust all state remedies. 28 U.S.C. § 2254(b)(1). Exhaustion requires the prisoner to give the state courts a full and fair opportunity to resolve any federal constitutional issues "by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999); *see Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner concedes that he has not exhausted state remedies with regard to certain additional claims that he now seeks to invoke as grounds for habeas corpus relief. A prisoner who has not yet exhausted his or her state court remedies may file a

"'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416, 125 S. Ct. 1807, 1813 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278, 125 S. Ct. 1528, 1531 (2005)). The Supreme Court has advised that where a petitioner has good cause for failing to exhaust, his unexhausted claims are potentially meritorious, and there is no indication of dilatory tactics, the district court should generally stay, rather than dismiss, a mixed petition. *Pace*, 544 U.S. at 416-17, 125 S. Ct. at 1813-14 (citing *Rhines*, 544 U.S. at 278, 125 S. Ct. at 1531). A petitioner's "reasonable confusion about whether a state filing would be timely would ordinarily constitute 'good cause' for him to file in federal court." *Id.* (citing *Rhines*, 544 U.S. at 278, 125 S. Ct. at 1531).

Petitioner filed the present petition and the motion to hold the petition in abeyance to avoid the consequences of the applicable statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year time limit for a state prisoner to file a federal habeas corpus action. 28 U.S.C. § 2244(d)(1). The time limit runs from the latest of four periods, but most usually from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where, as here, the prisoner does not file a petition for writ of certiorari with the United States Supreme Court, the one-year time period begins to run when the time for filing the petition expires. *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S. Ct. 681, 685 (2009). Accordingly, in Petitioner's

case, the one-year period began to run 90 days from July 26, 2011, or on October 24, 2011.

Petitioner asserts that he filed a motion for post-conviction relief with the trial court. The AEDPA statute of limitations is tolled during the period any "properly filed" motion for post-judgment relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2). If, however, a state post-conviction motion is not filed in accordance with state law, the pendency of the improperly filed motion does not trigger statutory tolling. *See Pace*, 544 U.S. at 417, 125 S. Ct. at 1814 (holding that the petitioner's untimely state post-conviction petition was not "properly filed" and therefore did not toll the AEDPA's statute of limitations). At this point, the Court cannot determine when Petitioner filed his state-court motion or whether the state court will conclude that Petitioner's motion was properly filed. However, even if the motion is ultimately determined to have been properly filed, little, if any, time remains of the one-year limitations period.

The Court therefore finds a stay appropriate in this case.[1] Petitioner potentially has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, there is no indication that he has engaged in intentionally dilatory litigation tactics, and the statute of limitations for Petitioner to seek federal habeas corpus relief is close to expiring. Under such circumstances, a stay is appropriate. *See Rhines*, 544 U.S. at 278, 125 S. Ct. at 1535 (indicating that "it likely would be an abuse of discretion for a district

---

[1] Respondent has filed a motion for an extension of time to answer the petition. (*See* Doc. 8.) In light of the stay, the Court also is granting Respondent's motion. The Court will provide Respondent with a new deadline by which to answer the petition if and when Petitioner returns from state court and once the stay is lifted.

court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics").

The Supreme Court in *Rhines* cautioned, however, that "[a] district court's discretion in structuring the stay is limited by the timeliness concerns reflected in [the] AEDPA" and that a petition should not be stayed indefinitely. *Rhines*, 544 U.S. at 277, 125 S. Ct. at 1535. The Court suggested that a stay be explicitly conditioned on the prisoner's pursuing state remedies within a certain time period after the stay is entered and returning to federal court within a similarly brief period. *Id.* at 278, 125 S. Ct. at 1535. This Court therefore will impose a stay conditioned on Petitioner's filing a motion for post-conviction relief with the appropriate state court within 60 days of the date of this order, if he has not filed such a motion already, and returning to federal court within 60 days of the date state court exhaustion is completed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (approving similar conditions on stay). If the conditions of the stay are not met, "the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id*.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to hold his habeas petition in abeyance [Doc. 6] is **GRANTED**;

**IT IS FURTHER ORDERED** that Respondent's motion for an extension of time to respond to the petition [Doc. 8] is **GRANTED**;

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending Petitioner's exhaustion of his state court remedies **provided that** Petitioner: (1) presents his unexhausted claims to the state court within sixty (60) days from the date of this order, if he has not done so already, and (2) returns to this Court within sixty (60) days of exhausting his state court remedies and files a motion **with the above case-caption** to lift the stay and file an amended petition adding the exhausted claims;

**IT IS FURTHER ORDERED** that to avoid administrative difficulties, the Clerk shall **CLOSE** this case for statistical purposes only.

s/PATRICK J. DUGGAN  
UNITED STATES DISTRICT JUDGE

Dated: June 5, 2012

Copies to:
Ronald A. Polk, #218441
Pugsley Correctional Facility
7401 East Walton Road
Kingsley, MI 49649

AAG John S. Pallas